J-S43035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

STEPHEN JONES

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3188 EDA 2014

Appeal from the PCRA Order October 3, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0305501-2003

BEFORE:  GANTMAN, P.J., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED JULY 21, 2015**

Appellant, Stephen Jones, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 7, 2005, a jury convicted Appellant of third-degree murder, two counts of aggravated assault, and conspiracy.  The court sentenced Appellant on April 29, 2005, to an aggregate term of 35-70 years' imprisonment.  This Court affirmed Appellant's judgment of sentence on August 11, 2006, and our Supreme Court denied allowance of appeal on January 4, 2007.  *See Commonwealth v. Jones*, 909 A.2d 880 (Pa.Super. 2006), *appeal denied*, 591 Pa. 661, 916 A.2d 631 (2007).  On June 15, 2007, Appellant timely filed his first PCRA petition, which the court denied on July 14, 2008.  This Court affirmed the order denying relief on December 18,

2009, and our Supreme Court denied allowance of appeal on December 29, 2010. *See Commonwealth v. Jones*, 990 A.2d 47 (Pa.Super. 2009), *appeal denied*, 608 Pa. 646, 12 A.3d 370 (2010). On August 5, 2013, Appellant filed the current, second *pro se* PCRA petition. The court issued Pa.R.Crim.P. 907 notice on August 18, 2014; Appellant responded on September 3, 2014. The court dismissed Appellant's petition as untimely on October 3, 2014. On October 31, 2014, Appellant timely filed a *pro se* notice of appeal. On November 10, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, ___ Pa. ___, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; and a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1), (b)(2). Instantly, Appellant's judgment of sentence became final on April 4, 2007, upon expiration of the time to file a

petition for writ of *certiorari* with the United States Supreme Court. ***See***

U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*).

Appellant filed the current petition on August 5, 2013, which is patently

untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Additionally, Appellant did not

allege any exception to the PCRA's time-bar in his PCRA petition.[1] ***See id.***

Thus, the court properly dismissed Appellant's petition as untimely.[2]

Order affirmed.

_____

[1] Appellant attaches to his appellate brief a motion to amend his PCRA petition and an amended PCRA petition, which Appellant claims he filed one day after the court denied his current PCRA petition, but before Appellant had received notice of the denial. The motion and amended petition do not appear on the docket entries or in the certified record. In this amended petition, Appellant attempts to assert the "new constitutional right" exception to the PCRA's time-bar, claiming the court imposed an unlawful mandatory minimum sentence based on the Supreme Court's decision in ***Alleyne v. United States***, ____ U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). Even if we could consider this amended petition, Appellant's claim would afford no relief. ***See Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (*en banc*) (explaining ***Alleyne*** applies only to criminal cases still pending on direct review); ***Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding ***Alleyne*** did not announce new constitutional right that has been held to apply retroactively, to satisfy PCRA's time-bar exception).

[2] Appellant also claims he was entitled to appointment of counsel in litigating his current PCRA petition. Because the current petition is Appellant's second PCRA petition and the court determined an evidentiary hearing was unnecessary, Appellant's claim fails. ***See*** Pa.R.Crim.P. 904(C); 904(D).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/21/2015