J-S51036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE LOPEZ, | |
| Appellant | No. 3113 EDA 2014 |

Appeal from the PCRA Order October 7, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1210801-2002

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 18, 2015**

Appellant, Jose Lopez, appeals from the court's dismissal of his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> [Appellant] was arrested on November 4, 2002, and charged with attempted murder and related offences arising from a shooting that had occurred on October 5th [outside the Vegas Sports Bar located in Philadelphia].  He had been playing pool in a bar when the victim bumped into him three times causing him to miss some shots.[1]  After the bar closed, they

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] We note that the Commonwealth's motion to dismiss the PCRA petition indicates that the victim was playing pool and Appellant bumped into him.
*(Footnote Continued Next Page)*

started fighting outside during which [Appellant] got a hand gun from a vehicle, at first pointed it at the victim's head, then shot him three times in the leg. Both the victim and a companion described the shooter to the police while being taken to the hospital. When the victim was later arrested for an unrelated incident, he identified [Appellant] from a photo array. [Appellant] was convicted by jury on November 3, 2006, of aggravated assault and weapons [offenses[2]] and on March 1, 2007, was sentenced to two concurrent terms aggregating to one to three years' incarceration. That sentence was ordered to be served consecutively to a sentence of fifteen to thirty years imposed on February 24, 2004, for a murder to which he had pled guilty that had occurred and for which he was arrested on October 26, 2002. He was still in custody for that case when he was arrested for this one. His trial counsel filed a post-sentence motion on March 9, 2007. On April 12th, trial counsel was granted permission to withdraw and new counsel was appointed on the 16th. The motion was denied at a hearing on October 18th, a direct appeal was filed the next day, and this Court affirmed the judgment on February 13, 2009. [(*See Commonwealth v. Lopez*, 970 A.2d 472 (Pa. Super. 2009) (unpublished memorandum))].

(PCRA Court Opinion, 2/19/15, at 1-2).

Appellant did not file a petition for allowance of appeal with our Supreme Court. On June 23, 2009, Appellant timely filed a *pro se* PCRA petition requesting reinstatement of his direct appeal rights to our Supreme Court. The PCRA court appointed counsel who filed an amended PCRA petition on January 22, 2010.

*(Footnote Continued)* ───────────

(*See* Commonwealth's Motion to Dismiss, 1/02/14, at 2). The Commonwealth has not filed a brief.

[2] The jury convicted Appellant of aggravated assault, carrying firearms without a license, and carrying firearms on public streets or public property in Philadelphia. 18 Pa.C.S.A. §§ 2702, 6106, and 6108, respectively.

The PCRA court granted the petition and reinstated his direct appeal rights on February 12, 2010. Our Supreme Court denied Appellant's petition for allowance of appeal on July 21, 2010. (*See Commonwealth v. Lopez*, 998 A.2d 959 (Pa. 2010)).

On January 18, 2011, Appellant timely filed a *pro se* PCRA petition and a supplement on June 26, 2013. The PCRA court appointed counsel who filed an amended PCRA petition on September 24, 2013.[3]

On January 2, 2014, the Commonwealth filed a motion to dismiss the PCRA petition. On August 21, 2014, the PCRA court notified Appellant of its intention to dismiss his PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907.[4] *See* Pa.R.Crim.P. 907. Appellant did not respond.

The PCRA court granted the Commonwealth's motion and dismissed the petition on October 7, 2014.[5] Appellant timely appealed on November 3, 2014.[6]

_____

[3] We note that "[t]his Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." *Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014) (citations omitted). Therefore, Appellant has filed a timely first PCRA petition.

[4] The PCRA court issued a Rule 907 notice on August 14, 2014 and a corrected notice on August 21, 2014.

[5] The order granting the Commonwealth's motion and dismissing the PCRA petition is not in the record. It appears from the docket that notice of the
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

1) Did the court below commit error by failing to order and hold an evidentiary hearing to determine if trial counsel's representation amounted to a violation of his right to counsel under the U.S. (Amend. VI) and Pennsylvania Constitutions (Art. 1, sec. 9) by failing to raise a **Batson**[7] challenge during jury selection where [Appellant] is Hispanic and the Commonwealth struck the only two Hispanic jurors from the panel, and where appellate counsel provided ineffective assistance of counsel by failing to raise the issue on direct appeal?

2) Whether the court below commit[ed] error by failing to set aside the verdict and dismissing the case under Rule 600, and for failing to order and hold an evidentiary hearing to determine if trial counsel's representation amounted to a violation of his right to counsel under the U.S. (Amend. VI) and the Pennsylvania Constitutions (Art. 1, sec. 9) where trial counsel failed to argue a Rule 600 violation to Appellant's right to a speedy trial, and where appellate counsel failed to raise the issue on direct appeal?

(Appellant's Brief, at 3).

Our standard of review is well-settled:

[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free

_(Footnote Continued)_ ─────────────────

order was given to the assistant district attorney, the defense attorney, the court reporter, and the clerk. (**See** Criminal Docket, at 20). The parties do not challenge the order's filing. Therefore, we rely on the docket.

[6] Pursuant to the PCRA court's order, Appellant filed a timely Rule 1925(b) statement on January 5, 2015. The court entered its Rule 1925(a) opinion on February 19, 2015. **See** Pa.R.A.P. 1925.

[7] **Batson v. Kentucky**, 476 U.S. 79, 89 (1986) (holding that "the Equal Protection Clause forbids [a] prosecutor to challenge potential jurors solely on account of their race[.]").

from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

***Commonwealth v. Freeland***, 106 A.3d 768, 775 (Pa. Super. 2014) (citation omitted).

A PCRA petitioner is eligible for relief if the claim is cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543. Cognizable claims include constitutional violations and ineffectiveness of counsel that undermine the truth-determining process. ***See*** 42 Pa.C.S.A. § 9543(a)(2)(i) and (ii).

We also note that a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

It is well-settled that "[a] criminal defendant has the right to effective counsel . . . during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, counsel is presumed effective,

- 5 -

and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012).

To succeed on an ineffective assistance of counsel claim, a petitioner must overcome the presumption that counsel is effective and demonstrate that counsel's deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Pennsylvania has further refined the *Strickland* test into a three-prong inquiry. An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the appellant suffered actual prejudice as a result. *See Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987). A failure to satisfy any prong of the *Pierce* test will require rejection of the claim. *See Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

In his first issue, Appellant argues that the PCRA court erred in failing to hold an evidentiary hearing to determine (1) trial counsel's ineffectiveness for failing to raise a *Batson* challenge and (2) appellate counsel's ineffectiveness for failing to raise the issue on direct appeal. (*See* Appellant's Brief, at 8-16). Specifically, he asserts that "the Commonwealth exercised its third challenge and fifth preemptory (sic) challenges to strike the only Hispanics from the jury pool . . . [denying his right to] a trial by his peers." (*Id.* at 11). We disagree.

The framework for analyzing a trial level claim of unconstitutional discrimination in jury selection is as follows:

First, the defendant must make a *prima facie* showing that the circumstances give rise to an inference that the prosecutor struck one or more prospective jurors on account of race; second, if the *prima facie* showing is made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the juror(s) at issue; and third, the trial court must then make the ultimate determination of whether the defense has carried its burden of proving purposeful discrimination.

However, if defense counsel does not preserve a claim of discrimination via a contemporaneous objection at trial, and a **Batson**-derivative claim is raised on collateral attack, this Court has held that the three-part **Batson** framework does not apply. Thus, on collateral attack, a post-conviction petitioner bears the burden in the first instance and throughout of establishing actual, purposeful discrimination by a preponderance of the evidence.

**Commonwealth v. Watkins**, 108 A.3d 692, 708 (Pa. 2014) (citations and internal quotation marks omitted).

Here, the record reveals that trial counsel did not raise an objection to the Commonwealth's use of peremptory challenges. However, the trial court raised the issue *sua sponte* and the following exchange occurred:

THE COURT: . . . That's the conclusion of the primary jury. Each side had used five peremptory challenges.

Commonwealth's exercise of challenges included four females, one male, two Hispanics, one white and two black persons. I think the constitutional requirements of **Batson** have been met. There is no complaint there, for the record.

Same for the defense; two white males, a white female, two black females. Diversity does not indicate a **Batson**. However, they call it on the defense side.

[TRIAL COUNSEL]: Reverse **Batson**.

(N.T. Trial, 10/25/06, at 191). The PCRA court explained that:

- 7 -

. . . It's the common practice of experienced judges and trial attorneys, based on their long experience with each other, to express objections and rulings in a terse and at times a somewhat, but not untoward, jocular fashion. Considered in that vernacular, the above exchange could well be interpreted as the judge having specifically asked whether defense counsel did wish to present a *Batson* objections, to which counsel responded by saying that he did object to the prosecutor having stricken the Hispanics and was asking the court to sustain the objection by overturning *Batson*. . . .

(PCRA Ct. Op., at 10). Therefore, the PCRA court found that "[trial] counsel thus did effectively preserve the issue[.]" (*Id.*).

Furthermore, the PCRA found that:

[Appellant] did not cite to, and the court does not see, anything in the record which would indicate that the prosecutor's demeanor belied a racially discriminatory intent, or whether the jurors' demeanor could not credibly be said not to have exhibited some basis for the strikes by the [Commonwealth]. In any event, [Appellant] has completely failed to establish a *Batson* violation or any reason to have explored the claim further at a PCRA hearing.

\* \* \*

[Appellant] simply bases the claim on the sole fact that the Commonwealth struck two Hispanics. He did not point to anything in the record nor present any facts, nor set forth an offer to prove how a hearing on the issue would have revealed any, let alone sufficient, facts that would indicate racial selectivity or to show how his counsel were ineffective in failing to raise the issue.

\* \* \*

Thus, [Appellant] has failed to demonstrate that any of his previous counsel had any bases upon which to raise a *Batson* challenge at trial or to pursue the issue on appeal, trial counsel's perfunctory objection indicating that they did not see any, and his claim that they rendered ineffective assistance in failing to do so lacked merit.

(*Id.* at 11-13). Upon our independent review of the record, we agree and conclude that the record supports the PCRA court's dismissal of Appellant's petition where he has failed to plead and prove the arguable merit prong of the *Pierce* test. *See Miller*, *supra* at 992. Accordingly, Appellant's first issue does not merit relief.

In his second claim, Appellant argues that the PCRA court erred in failing to set aside the verdict and dismiss the case under Rule 600, and hold an evidentiary hearing to determine (1) trial counsel's ineffectiveness for failing to argue a Rule 600 violation and (2) appellate counsel's ineffectiveness for failing to raise the issue on direct appeal. (*See* Appellant's Brief, at 16-26). Specifically, he asserts that "a total of 1,462 days expired from arrest (11/04/2002) to commencement of trial (10/23/2006)." (*Id.* at 17). We disagree.

Rule 600 provides, in relevant part:

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*　　\*　　\*

(C) Computation of Time

- 9 -

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A)(1), (2)(a), and (C)(1).

As aptly explained by the PCRA court:

There is no dispute that [Appellant] was not brought to trial within 365 days of his arrest . . . . The only dispute is whether some of those periods should have been attributable to the Commonwealth, because they resulted from a lack of due diligence on its part, and thus were not excludable from those calculations under [] Rule [600].

\* \* \*

In the [PCRA] petition, [Appellant] set forth all of the dates during which the case was delayed, the docket entries that exist for some of them, which only cryptically indicate the possible reasons for them, calculated the total number of days between his arrest and trial as totaling 1,461, and contended that 608 were attributable to himself, 198 to the court, and 655 to the [Commonwealth], thus conceding that at least 806 days were not attributable to the latter and that [] Rule [600], by his own calculations, was only exceeded by 290 days.[a] . . . Since it must be presumed that counsel was effective and there is nothing in the record that shows that any of the delays were caused by a lack of due diligence on the part of the [Commonwealth], the court can assume that, at the time, both trial and appellate counsel did not see any evidence of that either, and thus did not believe there was any reasonable bases upon which to raise a [Rule] 600 or constitutional speedy trial issue.

\* \* \*

[Appellant] did not demonstrate that the Commonwealth was not ready to proceed on any of the dates on which he alleges that

- 10 -

the case was postponed as a result of a lack of due diligence on its part. . . . All of the delays in dispute for which [Appellant] blames the [Commonwealth] were clearly the result of court scheduling or a breakdown in administrative functions.

> [a] Counsel calculated the total number of days at 1,462 and those attributable to the Commonwealth at 656 but mistakenly counted a 1 day period as 2 days.

*    *    *

In the [PCRA] petition, counsel alleged that [Appellant] suffered prejudice by the delay, but made no effort to demonstrate how the delay affected his ability to defend himself, simply claiming that he was prejudiced because if his [trial] counsel had raised the issue the charges against him would have been dismissed.

*    *    *

[Appellant] has not shown that he suffered 365 days of non-excludable delay as a result of the Commonwealth's lack of due diligence, but he did invoke his constitutional speedy trial rights, and, therefore, must show actual prejudice. . . . [He] alleged nothing of the sort.

[Appellant's] argument here is that the Commonwealth must prove that it exercised due diligence when, in fact, the law is clear that it is incumbent upon [him] to at least make a proffer of evidence showing that it did not; he cannot rely on simply saying it didn't.

(PCRA Ct. Op., at 14-16, 20-21).  Upon our independent review of the record, we agree and conclude there is no arguable merit to Appellant's speedy trial claim.  Therefore, the record supports the PCRA court's dismissal of Appellant's PCRA petition where he has failed to plead and prove

the arguable merit prong of the **Pierce** test. **See Miller**, **supra** at 992.

Accordingly, Appellant's second issue does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2015