J-S24038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM LOPEZ MORALES | |
| Appellant | No. 1628 MDA 2015 |

Appeal from the PCRA Order August 18, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001015-2006;
CP-36-CR-0005077-2006; CP-36-CR-0005078-2006

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED MARCH 09, 2016**

Appellant, William Lopez Morales, appeals *pro se* from the order entered in the Lancaster County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 3, 2007, Appellant pled guilty to multiple counts of robbery and conspiracy, and one count each of burglary, aggravated assault, and unlawful restraint.  The court sentenced Appellant on October 23, 2007, to an aggregate term of 20-40 years' imprisonment. Appellant's sentence included mandatory minimums per 42 Pa.C.S.A. § 9714(a)(1) (providing for mandatory minimum 10-year sentence for defendant convicted of crime of violence, if at time of commission of current offense, defendant had previously been convicted of crime of violence).

Appellant did not pursue direct review. On December 13, 2007, Appellant filed a *pro se* "motion for appeal," which the court treated as a first PCRA petition. The court appointed counsel, who filed an amended petition on March 20, 2008, requesting reinstatement of Appellant's post-sentence and direct appeal rights *nunc pro tunc*. Following a hearing, the court denied relief on January 6, 2009. This Court affirmed the denial of PCRA relief on August 26, 2009, and our Supreme Court denied allowance of appeal on March 19, 2010. **See Commonwealth v. Morales**, 984 A.2d 1019 (Pa.Super. 2009), *appeal denied*, 605 Pa. 711, 991 A.2d 311 (2010). On July 22, 2015, Appellant filed the current *pro se* PCRA petition. The court issued appropriate notice per Pa.R.Crim.P. 907 on July 28, 2015. Appellant responded on August 13, 2015. On August 18, 2015, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on September 17, 2015. On September 22, 2015, the court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b); Appellant complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions of the PCRA allow

for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2). Instantly, Appellant's judgment of sentence became final on November 22, 2007, upon expiration of the time to file a notice of appeal with the Superior Court. *See* Pa.R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). Appellant filed the current serial petition on July 22, 2015, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time bar per Section 9545(b)(1)(iii), relying on *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). Appellant insists *Alleyne* and its progeny declared unconstitutional the mandatory minimum sentencing statute under which Appellant was sentenced. Nevertheless, even if *Alleyne* created a new constitutional right, held to apply retroactively, and even if Appellant complied with the 60-day rule, the law on which he relies affords him no relief, because *Alleyne* does not affect mandatory minimum sentences based on a prior conviction. *See id.* at ___ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ___ n.1. *See also Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (explaining even

- 3 -

if appellant's PCRA petition was timely, **Alleyne** would provide no relief where increase in appellant's minimum sentence was based on prior conviction).  Thus, we affirm the court's denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016

- 4 -