J-S24009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LAHME PERKINS, | : | |
| | : | |
| Appellant | : | No. 1038 MDA 2015 |

Appeal from the PCRA Order May 6, 2015
in the Court of Common Pleas of Dauphin County,
Criminal Division, No(s): CP-22-CR-0001266-2008;
CP-22-CR-0001394-2008

BEFORE: GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED OCTOBER 18, 2016**

Lahme Perkins ("Perkins"), *pro se*, appeals from the Order denying his Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We vacate the Order of the PCRA court, and remand for the appointment of counsel and further proceedings.

On December 18, 2008, Perkins was convicted of first-degree murder, criminal conspiracy, carrying a firearm without a license, and providing false identification to law enforcement.[2] On that same date, for his conviction of first-degree murder, the trial court sentenced Perkins to life in prison. For his conviction of criminal conspiracy, the trial court sentenced Perkins to a concurrent prison term of 10-20 years. For his conviction of carrying a firearm without a license, the trial court imposed a concurrent prison term of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(a), 903, 6106, 4919.

two to four years. The trial court imposed no further penalty on Perkins's remaining conviction of providing false identification to law enforcement.

On direct appeal,[3] this Court affirmed Perkins's judgment of sentence, after which the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Perkins*, 60 A.3d 849 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 63 A.3d 146 (Pa. 2013). The United States Supreme Court denied Perkins's Petition for *certiorari* on October 7, 2013. *See Perkins v. Pennsylvania*, ___ U.S. ___, 134 S. Ct. 139, 187 L. Ed. 2d 98 (2013).

Perkins, *pro se*, filed the instant timely PCRA Petition on January 27, 2014.[4] Perkins's *pro se* Petition claimed that his trial counsel rendered ineffective assistance, by failing to (1) conduct a thorough, pretrial investigation, which would require counsel to challenge the "match" of Perkins's DNA to DNA obtained from the grip of the .32 caliber handgun used in the shooting; (2) retain, or even consult with, a DNA expert to interpret and refute the findings of the Commonwealth's DNA expert; (3) present character witnesses; and (4) object to the introduction of inflammatory

---

[3] On October 11, 2011, Perkins filed a *pro se* PCRA Petition requesting that his direct appeal rights be reinstated, *nunc pro tunc*. After the appointment of counsel, the PCRA court granted Perkins's Petition, reinstating his direct appeal rights, *nunc pro tunc*.

[4] *See Commonwealth v. Turner*, 73 A.3d 1283, 1286 (Pa. Super. 2013) (recognizing that "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes").

photographs. *Pro Se* PCRA Petition at 9. The PCRA court appointed counsel, Jennifer E. Tobias, Esquire ("Attorney Tobias"), to represent Perkins. Attorney Tobias filed a Supplemental PCRA Petition asserting the claims raised by Perkins in his first, *pro se* Petition. The Commonwealth filed a Response to the Supplemental PCRA Petition, after which the PCRA court ordered Attorney Tobias to file an Amended PCRA Petition. PCRA Court Order, 7/8/14. Attorney Tobias complied, filing an Amended PCRA Petition and a Memorandum of Law. The PCRA court subsequently held an evidentiary hearing on the issues raised by Perkins.

On March 23, 2015, the PCRA court filed a memorandum Opinion and Order, and, notified Perkins of its intent to dismiss the PCRA Petition. On that same date, Perkins filed a *pro se* Motion to compel service of the PCRA court's Notice of intent to dismiss, alleging that Attorney Tobias had failed to forward the Notice to him. Perkins also alleged that Attorney Tobias had rendered ineffective assistance at the PCRA hearing.[5] On April 23, 2015, Perkins filed a Motion for an extension of time within which to respond to the PCRA court's Notice of intent to dismiss, again alleging the ineffective assistance of Attorney Tobias.

---

[5] Perkins reserved his claim of PCRA counsel's ineffectiveness by raising them in his *pro se* response to the PCRA court's Notice of intent to dismiss. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009) (deeming waived a claim of PCRA counsel's ineffectiveness where the petitioner failed to raise the claim before the PCRA court).

On May 6, 2015, the PCRA court entered an Order denying Perkins's PCRA Petition. The PCRA court additionally denied Perkins's Motion to compel service, and his Motion for an extension of time. Thereafter, Attorney Tobias filed a Petition to withdraw as counsel, based upon Perkins's claims of ineffective assistance of PCRA counsel.

On June 1, 2015, Perkins, *pro se*, filed an Application to proceed *in forma pauperis*, a Motion for reconsideration of the denial of his PCRA Petition, and a Notice of Appeal. In his Motion for Reconsideration, Perkins claimed that Attorney Tobias had rendered ineffective assistance by failing to retain and present an expert in support of his DNA-related claims. Motion for Reconsideration, 6/1/15, at 2-3. Several days later, the PCRA court granted Attorney Tobias's Petition to withdraw, but did not appoint new counsel to represent Perkins. PCRA Court Order, 6/4/15. On June 15, 2015, the PCRA court ordered Perkins to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The PCRA court additionally entered an Order granting Perkins's Application to proceed *in forma pauperis*, and an Order dismissing Perkins's Motion for reconsideration. Thereafter, Perkins filed a *pro se* Concise Statement.

Before addressing any of the claims raised by Perkins, we must address the propriety of his *pro se* status. Our review discloses that, upon the withdrawal of Attorney Tobias, the PCRA court failed to appoint counsel

for Perkins.[6]  A PCRA petitioner has a rule-based right to counsel during the litigation of the petitioner's first PCRA petition.  Pa.R.Crim.P. 904.  Further the right to counsel conferred on initial PCRA review means "an enforceable right" to the effective assistance of counsel.  ***Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013).

Presently, Perkins is not represented by counsel.[7]  In addition, Perkins had claimed ineffective assistance of PCRA counsel, based upon her failure to secure a DNA expert, which, Perkins claims, is necessary to establish the arguable merit to his claim of ineffective assistance of trial counsel.  Because Perkins is entitled to representation during initial PCRA review, and effective assistance of counsel during the litigation of his PCRA Petition, we deem it necessary to vacate the Order denying Perkins's PCRA Petition, and remand for further proceedings.

On remand, we direct the PCRA court to appoint counsel to represent Perkins, or conduct a ***Grazier*** hearing should Perkins wish to proceed *pro se*. Newly appointed counsel for Perkins, within 30 days from his/her appointment, is directed to file an amended PCRA petition to include Perkins's claim of ineffective assistance of PCRA counsel, and seek an evidentiary hearing, if necessary.  Should Perkins proceed *pro se*, he may

---

[6] Our review further discloses that the PCRA court did not conduct a hearing to determine if Perkins wished to proceed *pro se*, or satisfy the requirements of ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[7] Attorney Tobias's withdrawal for a conflict of interest did not abrogate Perkins's right to counsel on appeal.

file an amended PCRA petition raising his claim of ineffective assistance of PCRA counsel, within 30 days of the **Grazier** hearing, and request an evidentiary hearing on that issue, if necessary.

Order vacated; case remanded for further proceedings consistent with this Memorandum; Superior Court jurisdiction is relinquished.

President Judge Gantman joins the memorandum.

Judge Bowes files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2016