J-S86035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND ALLEN NOON, JR. | |
| Appellant | No. 756 WDA 2016 |

Appeal from the PCRA Order May 6, 2016
In the Court of Common Pleas of Somerset County
Criminal Division at No(s): CP-56-CR-0000422-2004

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 23, 2016**

Appellant, Raymond Allen Noon, Jr., appeals *pro se* from the order entered in the Somerset County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 2, 2004, Appellant pled guilty to one count each of involuntary deviate sexual intercourse ("IDSI") with a child and aggravated indecent assault of a child less than 16.  The court sentenced Appellant on November 10, 2004, to an aggregate term of 8½-19 years' imprisonment, which included a mandatory minimum per 42 Pa.C.S.A. § 9718(a)(1) (providing mandatory minimum sentence for conviction of IDSI where victim is less than 16).  Appellant filed post-sentence motions on December 6, 2004, which the court denied on January 18, 2005.  Appellant

_____

*Former Justice specially assigned to the Superior Court.

did not pursue direct review. On November 28, 2005, Appellant timely filed a *pro se* first PCRA petition; the PCRA court appointed counsel. Following several hearings, the PCRA court denied Appellant's petition on May 1, 2009.

On August 19, 2015, Appellant *pro se* filed the current PCRA petition; the court appointed counsel. The PCRA court issued Pa.R.Crim.P. 907 notice on December 8, 2015, to which Appellant filed a response on December 24, 2015. On May 6, 2016, the PCRA court denied relief. Appellant timely appealed on May 20, 2016. On May 24, 2016, the PCRA court ordered Appellant to file a concise statement per Pa.R.A.P. 1925(b) and permitted counsel to withdraw on May 26, 2016.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions of the PCRA allow for very limited circumstances to excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new'

constitutional right and that the right 'has been held' by that court to apply retroactively." ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on February 17, 2005, when the time to file a direct appeal expired. ***See*** Pa.R.A.P. 903(a). Appellant unsuccessfully litigated his first PCRA petition. On August 19, 2015, Appellant filed his current (second) petition, which is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar, relying on ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and ***Commonwealth v. Wolfe***, ___ Pa. ___, 140 A.3d 651 (June 20, 2016), to declare 42 Pa.C.S.A. § 9718 unconstitutional. ***Alleyne*** and its progeny, however, do not apply retroactively on collateral review. ***See Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding, even if ***Alleyne*** announced new constitutional right, neither our Supreme Court nor United States Supreme Court has declared ***Alleyne*** to apply retroactively). ***See also Commonwealth v. Washington***, ___ Pa. ___, 142 A.3d 810 (July 19, 2016) (holding ***Alleyne*** does not apply retroactively on collateral review to challenge to mandatory minimum sentence as "illegal"). Thus, Appellant's second PCRA petition remains untimely. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/23/2016</u>