J-S86036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUIS W. BARTLEBAUGH | |
| Appellant | No. 783 WDA 2016 |

Appeal from the PCRA Order April 26, 2016
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0002669-2002

BEFORE: GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.:            **FILED NOVEMBER 23, 2016**

Appellant, Louis W. Bartlebaugh, appeals *pro se* from the order entered in the Cambria County Court of Common Pleas, which denied his third petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. On May 20, 2003, a jury convicted Appellant of aggravated assault, rape, and related offenses. On September 11, 2003, the court sentenced Appellant to an aggregate term of 15-30 years' imprisonment. This Court affirmed the judgment of sentence on June 30, 2005, and our Supreme Court denied allowance of appeal on November 30, 2005. *See Commonwealth v. Bartlebaugh*, 881 A.2d 878 (Pa.Super. 2005) (unpublished memorandum), *appeal denied*, 586 Pa. 707, 889 A.2d 1212 (2005). Appellant filed his first PCRA petition on July 6, 2006, which

_____

*Former Justice specially assigned to the Superior Court.

the PCRA court denied on September 13, 2006. This Court affirmed on January 3, 2008. **See Commonwealth v. Bartlebaugh**, 947 A.2d 821 (Pa.Super. 2008). On February 2, 2012, Appellant filed his second PCRA petition, which the PCRA court dismissed as untimely on February 9, 2012. This Court affirmed on December 13, 2012. **See Commonwealth v. Bartlebaugh**, 64 A.3d 20 (Pa.Super. 2012). On March 23, 2016, Appellant filed the current *pro se* PCRA petition. The PCRA court issued a Rule 907 notice and later dismissed the petition on April 26, 2016. Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement; Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a

petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on February 28, 2006, upon expiration of the time to file a petition for writ of *certiorari* in the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. On March 23, 2016, Appellant filed the current petition, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing the U.S. Supreme Court's decision in **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its Pennsylvania progeny. Appellant insists **Alleyne** and its progeny declared unconstitutional the mandatory minimum sentencing statute under which Appellant claims he was sentenced. Neither the U.S. Supreme Court nor the Pennsylvania Supreme Court, however, has held that **Alleyne** or its progeny apply retroactively on collateral review. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (holding that even if **Alleyne** announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that **Alleyne** applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). **See also Commonwealth v. Washington**, ___ Pa. ___, 142 A.3d 810 (2016)

- 3 -

(holding **Alleyne** does not apply retroactively on collateral review to challenge to mandatory minimum sentence as "illegal").   Therefore, Appellant's petition remains time barred, and the PCRA court lacked jurisdiction to review it.  **See Turner, supra**.  Moreover, the record makes clear Appellant received no mandatory minimum sentence.  Accordingly, we affirm.[1]

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/23/2016

---

[1] Due to our disposition, we deny Appellant's open motion for a continuance to await the Pennsylvania Supreme Court's disposition in **Commonwealth v. Barnes**, ___ Pa. ___, 122 A.3d 1034 (2015) (granting allowance of appeal).