**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Kathi Louise TURNER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 15, 2013.

Filed Aug. 19, 2013.

---

Vincent Monfredo, Carlisle, for appellant.

Daniel W. Stern, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

BEFORE: SHOGAN, MUNDY and COLVILLE *, JJ.

OPINION BY SHOGAN, J.:

Appellant, Kathi Louise Turner, appeals *nunc pro tunc* from the judgment of sentence entered on September 29, 2009, in the Perry County Court of Common Pleas. For the reasons that follow, we affirm.

Following a jury trial on July 1, 2009, Appellant was found guilty of rape of a child, involuntary deviate sexual intercourse ("IDSI"), unlawful restraint, aggravated indecent assault, and endangering the welfare of a child. The charges were brought as a result of repeated sexual assaults Appellant and her boyfriend committed on the person of the boyfriend's eleven-year-old daughter. On September 29, 2009, the trial court sentenced Appel-

---

* Retired Senior Judge assigned to the Superior Court.

lant to an aggregate term of five to ten years of incarceration.

Appellant filed post-sentence motions claiming: the trial court erred in failing to appoint a special investigator; the trial court erred in holding the trial in courtroom # 1 as opposed to courtroom # 2; the trial court failed to provide exculpatory materials; Appellant was unfairly surprised by the Commonwealth's amendment of the criminal complaint; Appellant was entitled to an arrest of judgment on IDSI and aggravated indecent assault; and the trial court erred in grading the charge of endangering the welfare of a child as a third-degree felony instead of a first-degree misdemeanor. In an order filed on January 20, 2010, the trial court granted Appellant's motion as to the grading of endangering the welfare of a child and denied the motion in all other respects. On February 23, 2010, Appellant filed an appeal to this Court. In an order filed on July 9, 2010, this Court dismissed Appellant's appeal for failure to file a brief.[1]

On March 8, 2011, Appellant, through counsel, filed a petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541–9546. On July 26, 2011, the trial court granted Appellant's petition for relief and reinstated Appellant's direct appeal rights *nunc pro tunc*. The order provided Appellant thirty days in which to file her notice of appeal. No appeal was filed.

On August 29, 2011, the trial court *sua sponte* reinstated Appellant's direct appeal rights *nunc pro tunc* for a second time. Again, the trial court specifically stated that Appellant had thirty days in which to file her notice of appeal. No appeal was filed.[2]

On April 18, 2012, Appellant, through new counsel, filed a document entitled "Petition to File Superior Court Appeal Nunc Pro Tunc." The trial court again reinstated Appellant's direct appeal rights *nunc pro tunc* in an order filed on April 24, 2012. On May 17, 2012, Appellant filed her notice of appeal. In its appellate brief, the Commonwealth asserts that this appeal must be dismissed. Commonwealth's Brief at 6. After careful review, we are constrained to disagree.

It is well settled that the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa.Super.2007). Where a petitioner fails to satisfy the timeliness requirements of the PCRA, the PCRA court and this Court have no jurisdiction to review the petition by fashioning an equitable exception to timeliness. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157, 1163 (2003). The PCRA requires that any PCRA petition, including second or subsequent petitions, must be filed within one year of the date the judgment becomes final. *Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa.Super.2002); 42 Pa.C.S.A. § 9545(b)(1).

Here, this Court dismissed Appellant's appeal on July 9, 2010. Therefore, Appellant's judgment of sentence became final thirty days later on August 8, 2010. Any PCRA petition was required to have been filed on or before August 8, 2011. 42 Pa.C.S.A. § 9545(b)(1). Thus, Appellant's March 8, 2011 PCRA petition was timely, and the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* on July 26, 2011. However, Appellant did not file a timely direct appeal. Instead, Appellant

---

1. It appears that Appellant's appeal also could have been quashed for failing to file the notice of appeal within thirty days of the January 20, 2010 order pursuant to Pa.R.A.P. 903(a).

2. While the August 29, 2011 *sua sponte* reinstatement was improper, as will be discussed below, it is ultimately of no moment. Appellant's direct appeal rights were properly reinstated following the April 18, 2012 petition.

filed a Petition to File Superior Court Appeal Nunc Pro Tunc on April 18, 2012.

 This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes. *Commonwealth v. Karanicolas*, 836 A.2d 940, 944 (Pa.Super.2003) (citing *Commonwealth v. Lewis*, 718 A.2d 1262 (Pa.Super.1998)).[3] Therefore, in the case at bar, the time for filing a PCRA petition restarted thirty days after the July 26, 2011 order reinstating Appellant's direct appeal rights,[4] and a PCRA petition filed on or before August 25, 2012 would be a timely first petition.

 Accordingly, pursuant to *Karanicolas* and *Lewis*, it appears that the trial court treated the April 18, 2012 petition as a timely first PCRA petition after the time for filing such a petition was restarted.[5] Thus, because the trial court reinstated Appellant's direct appeal rights *nunc pro tunc* six days later on April 24, 2012, the instant direct appeal, which was filed on May 17, 2012, was timely.

On appeal, Appellant raises one issue:

WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT REVOKED THE PRIOR ORDER OF A JUDGE WITHIN THE SAME JURISDICTION AND DID NOT HAVE A HEARING OR DECIDE THE ISSUE PRIOR TO TRIAL AS TO WHETHER A SPECIAL INVESTIGATOR OR EXPERT WITNESS SHOULD BE APPOINTED TO APPELLANT.

Appellant's Brief at 7. Upon review, we conclude that Appellant's argument misconstrues the record and is devoid of merit.

On June 12, 2009, Appellant filed a motion to employ a special investigator and expert witness. Perry County Court of Common Pleas Judge Kathy Morrow issued a rule upon the Commonwealth to show cause why Appellant's motion should not be granted. Rule, 5/29/09. The record does not reflect that the Commonwealth filed a response and there is no final ruling on the motion. However, on appeal, Appellant claims that because the trial court judge, the Honorable Keith Quigley, permitted this case to go to trial without a ruling on Appellant's motion, Judge Quigley overruled Judge Morrow's rule to show cause in violation of the coordinate jurisdiction rule. Appellant's Brief at 10. We disagree.

 "Judges of coordinate jurisdiction sitting in the same case should not overrule each other's decisions. This rule, known as the coordinate jurisdiction rule, is a rule of sound jurisprudence based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." *Commonwealth v. Hernandez*, 39 A.3d 406, 412

---

3. We are cognizant of the fact that in both *Karanicolas* and *Lewis*, the petitioners availed themselves of the opportunity to file the *nunc pro tunc* direct appeal, while Appellant in the instant case did not. That fact does not appear to be fatal given the unambiguous language from those cases, which, as stated above, states that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes.

4. *See* Pa.R.A.P. 903(a) and 42 Pa.C.S.A. § 9545(b)(3) (setting forth the rules concerning a time for filing a direct appeal and the time when judgment of sentence becomes final for purposes of the PCRA).

5. Even if the rationale from *Karanicolas* and *Lewis* was not the stated basis of trial court's order, this Court may affirm a trial court's decision if it is correct on any basis. *Commonwealth v. Hunter*, 60 A.3d 156, 161 n. 18 (Pa.Super.2013).

(Pa.Super.2012) (quoting *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995) (citations and internal quotation marks omitted)).

Initially, we note that Judge Quigley never ruled on Appellant's motion and, therefore, he did not "overrule" the rule to show cause or any order entered by Judge Morrow, which is a requirement for the application of the coordinate jurisdiction rule. *Hernandez*, 39 A.3d at 412. Moreover, because Appellant failed to bring the rule to show cause issue to Judge Quigley's attention before or during trial and sat on her rights permitting the case to be tried to a verdict, Appellant waived the issue. *See* Pa.R.A.P. 302(a) (any issues not raised in the lower court are waived and cannot be raised for the first time on appeal); 2117(c) (concerning the statement of the case and the requirement that appellant state the place in the record where this issue was raised or preserved for appeal); and 2119(e) (concerning the requirement that the argument portion of an appellant's brief must state where the issue was raised or preserved for appeal). Accordingly, for the reasons stated above, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

