J-S75044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SEAN C. CRAWFORD, | |
| Appellant | No. 1776 EDA 2014 |

Appeal from the Judgment of Sentence entered April 21, 2014,
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-CR-0002624-2013

BEFORE:  ALLEN, LAZARUS, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                **FILED DECEMBER 08, 2014**

Sean Crawford ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of simple assault, 18 Pa.C.S.A. § 2701(a)(1).

The trial court summarized the pertinent facts and procedural history as follows:

> On July 21, 2013, Officer David Spigarelli of the West Goshen Police Department was dispatched to investigate a report of a female assault victim.  Upon arriving at the scene, Ms. Hayman stated to Officer Spigarelli that she was struck in the face by her fiancé, [Appellant].  Upon instructions from Officer Spigarelli, another officer took [Appellant] into custody for the assault on Ms. Hayman.  [Appellant had previously pled guilty and was convicted of assaulting Ms. Hayman at Docket No 3465-2011].
>
> On January 28, 2014, a jury trial in the above matter began.  The Commonwealth presented four witnesses.  First, lay witnesses, David Fuller and Denise Phipps, testified that they did not observe the altercation between [Appellant] and Ms. Hayman, but observed Ms. Hayman coming towards them.  She

was upset and bleeding from the nose. Ms. Hayman related to Mr. Fuller and Ms. Phipps that [Appellant] had punched her in the face and had taken two of her four children. The Commonwealth also presented expert medical testimony from Barry R. Smoger, M.D., who testified that he examined x-rays taken of Ms. Hayman's face on July 21, 2013 after she was transported to the hospital. He diagnosed her with a facial bone fracture. The last witness to testify on behalf of the Commonwealth was Ms. Hayman.

Ms. Hayman testified that on July 21, 2013, she and her fiancé, [Appellant], were at West Goshen Park with her four children. Ms. Hayman testified [that Appellant] informed her that he was ending their relationship. When she questioned [Appellant] about how he planned to take care of his children's needs, [Appellant] became "mad" that Ms. Hayman was thinking he was not going to be providing for his children and he pulled her hair. When she struggled to get free, [Appellant] punched her in the nose. It was Ms. Hayman's testimony that she escaped from [Appellant] and ran across the street to where Mr. Fuller and Ms. Phipps were working in the yard.

After the close of the Commonwealth's case, [Appellant's] attorney made a motion for judgment of acquittal. [The trial court] denied the motion. [Appellant] notified the [trial court] that he intended to forgo his right to testify or present any evidence. A brief colloquy took place between the [trial court] and Appellant about his decision.

[The trial court] then went over the jury charge with both counsel in chambers. [Appellant's counsel] placed an objection on the record to [the trial court's] intention to instruct the jury on consciousness of guilt as requested by the Commonwealth.

During closing statements, [Appellant] objected to a statement of the Commonwealth referring to the fact that the Commonwealth had not called the children to testify about the altercation. [The trial court] overruled both objections.

Trial Court Opinion, 8/7/14, at 2-4 (footnotes and citations to notes of testimony omitted).

At the conclusion of trial, the jury found Appellant guilty of simple assault. Appellant filed a post-sentence motion on April 30, 2014, which the trial court denied without a hearing on May 9, 2014. Appellant filed a notice of appeal on June 9, 2014. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

1. Did the trial court err in overruling [Appellant's] objection to the prosecutor's comments during her closing argument regarding her decision not to call certain eyewitnesses, when the facts underlying those comments were not in evidence?

2. Did the [trial court] err in instructing the jury on "Consciousness of Guilt" where there was no evidence that [Appellant] left the scene in order to avoid apprehension by the police?

Appellant's Brief at 4.

In his first issue, Appellant argues that the trial court erred in overruling his objection to improper comments by the prosecutor during closing arguments. Appellant's Brief at 13-15. Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. **Commonwealth v. Harris**, 884 A.2d 920, 927 (Pa. Super. 2005) (citation omitted), *appeal denied*, 928 A.2d 1289 (Pa. 2007). In considering such a claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. **Id.**

> [I]n reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made. Our review of prosecutorial remarks and an allegation of

prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial.

* * *

It is well settled that a prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence. Further, prosecutorial misconduct does not take place unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict. Prosecutorial misconduct is evaluated under a harmless error standard.

In determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

*Commonwealth v. Judy*, 978 A.2d 1015, 1019–1020 (Pa. Super. 2009) (internal citations omitted).

Appellant objects to the following comments made by the Commonwealth during its closing argument, relative to the altercation between Appellant and Ms. Hayman:

| Assistant District Attorney: | [Appellant] mentioned that there were no other eye witnesses aside from the children. I think it is an undisputable fact the children were present in the park that day. They probably saw |
|---|---|

> what happened. There was evidence, there was testimony that Sania and Jordan were extremely upset. Call them? ***I didn't call them to the stand. In Chester County we are not in the business of calling an eight year old … to testify against someone who is very involved in their lives. That's why they didn't testify today***.

N.T., 1/28/14, at 94-95 (emphasis added).

Appellant argues that the prosecutor's comment deprived him of a fair trial. Appellant contends that there was no evidence presented at trial that the Commonwealth opted not to call the children because of their age, and that he was deprived of the opportunity to present his own evidence or conduct any cross-examination with regard to why the children did not testify. Appellant's Brief at 14-15. The trial court, however, found no merit to this claim, concluding that the comment was not prejudicial and that Appellant was not entitled to relief on this basis. We find no abuse of discretion in the trial court's determination.

In **Commonwealth v. Chmiel**, 889 A.2d 501, 543–44 (Pa. 2005), our Supreme Court explained:

> In determining whether the prosecutor engaged in misconduct, courts must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. **It is well settled that the prosecutor may fairly respond to points made in the defense closing. A remark**

> *by a prosecutor, otherwise improper, may be appropriate if it is in [fair] response to the argument and comment of defense counsel.* Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

*Chmiel*, 889 A.2d at 543–44 (emphasis added).

Here, we conclude that the prosecutor's comments as to why it declined to call the children to testify, were in fair response to comments by Appellant's counsel who, during his preceding closing argument, "opened the door" to the Commonwealth's responsive remarks about the children's failure to testify. Specifically, during closing, Appellant's counsel addressed the jury:

> Today Miss Hayman testified her children were ten steps away or nearby. Yet she also testified early on in the proceedings they were a mile away. Wait a minute. **You can ask yourself why she did not want her children called as witnesses, because maybe they would say a different story**. That's for you to wonder about. In fact, why is there even no corroborating evidence, why did the State put on no corroborating evidence [that Appellant] was in the park that day? ... They could have done that if they had chosen to do so.

N.T., 1/28/14, at 89-90 (emphasis added).

By asking the jury to speculate about why the Commonwealth did not call the children as witnesses, Appellant opened the door to the Commonwealth making responsive closing remarks about the children's absence at trial. Given that the Commonwealth's comments were in fair response to Appellant's closing argument, Appellant's claim of prosecutorial misconduct fails. *See Commonwealth v. Turner*, 73 A.3d 1283, 1286,

n.5. (Pa. Super. 2013) ("[T]his Court may affirm a trial court's decision if it is correct on any basis.") (citation omitted).

In his second issue, Appellant argues that the trial court erred in issuing a "consciousness of guilt" instruction to the jury. Appellant's Brief at 15-18. "[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. ... [A] trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error." *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (citations omitted). "A jury instruction is proper if supported by the evidence of record. [Our Supreme Court] has held that when a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis [of a conviction] in connection with other proof from which guilt may be inferred." *Commonwealth v. Clark*, 961 A.2d 80, 92 (Pa. 2008) (citations and internal quotations omitted).

Here, the trial court determined that a "consciousness of guilt" instruction was warranted, and instructed the jury:

> Now, you may have heard evidence that tended to show that [Appellant] left the scene. The credibility, weight, and effect of

- 7 -

this evidence is for you to decide. Generally speaking, when a crime has been committed and a person thinks he or she may be accused of committing it, [and] he or she leaves the scene, that is a circumstance that may prove a person's consciousness of guilt. Such action does not necessarily show consciousness of guilt in every case. A person may leave the scene for some other motive, may do so even though innocent. Whether the evidence of [Appellant] leaving the scene in this case should be looked at as evidence of consciousness of guilt depends upon the facts and circumstances of this case and especially upon motives that may have prompted him to leave. You may not find [Appellant] guilty solely on the basis of evidence of him leaving the scene.

N.T., 1/28/14, at 105.

Appellant argues that the instruction was improper because the Commonwealth presented no evidence that he left the scene in order to avoid detection by the police. The trial court, however, disagreed, explaining:

Mr. Fuller and Ms. Phipps testified they observed Ms. Hayman come from the direction of the park and present herself with a bloody injury to her face.

Mr. Fuller testified that upon hearing Ms. Hayman relate her children were in the park he immediately ran to the park to investigate and saw the individual Ms. Hayman identified as her fiancé, [Appellant], pulling out of the park's parking lot in a car.

Mr. Fuller also testified he observed two young children running toward [Appellant's] car and screaming. Mr. Fuller went to the children when he saw they were following the car into the street and he was worried they would be injured.

Trial Court Opinion, 8/7/14, at 5 (citations to notes of testimony omitted).

In light of this testimony, the trial court concluded that it was not error to instruct the jury to decide whether Appellant's actions in leaving the scene

tended to show a guilty conscience. We conclude that the trial court did not err in issuing a consciousness of guilt instruction to the jury. We agree with the trial court that the Commonwealth presented testimony that Appellant left the scene; Mr. Fuller, in particular, testified that when he ran toward Appellant, he saw Appellant "pulling out in his car" while two children ran toward Appellant "screaming, he's got my brother." N.T., 1/28/14, at 36-37. When Mr. Fuller reached the parking lot area of the park, Appellant "had taken off ... straight toward Westtown Road". *Id*. at 38-39. Accordingly, we find no abuse of discretion in the trial court's determination that a consciousness of guilt instruction was warranted. Appellant's claim that the trial court's jury instruction was unsupported by the evidence and improper is unavailing.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2014