J-S24040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAY HENRY | |
| Appellant | No. 1820 MDA 2015 |

Appeal from the PCRA Orders September 25 and 28, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000318-2009;
CP-38-CR-0001760-2008

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED MARCH 09, 2016**

Appellant, Ray Henry, appeals from the orders entered in the Lebanon County Court of Common Pleas, which dismissed his serial petitions filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  At docket no. 1760-2008, a jury convicted Appellant on February 6, 2009, of robbery (3 counts), conspiracy, and possessing instruments of crime.  The court sentenced Appellant on March 25, 2009, to an aggregate term of 4-20 years' imprisonment.  The sentence included a deadly weapon enhancement ("DWE") per 204 Pa.Code § 303.10(a) (providing court shall consider special DWE sentencing matrix when court determines offender possessed/used deadly weapon during commission of offense).  This Court affirmed on March 3, 2010.  **See Commonwealth v. Henry**, 996 A.2d 544

(Pa.Super. 2010). Appellant filed a *pro se* PCRA petition on April 12, 2010. The court appointed counsel, who filed an amended petition on June 7, 2010. Following a hearing, the court denied relief on July 19, 2010. This Court affirmed on February 23, 2011. *See Commonwealth v. Henry*, 24 A.3d 462 (Pa.Super. 2011). At docket no. 318-2009, Appellant pled guilty on May 21, 2009, to two counts of robbery. The court sentenced Appellant on June 24, 2009, to an aggregate term of 40 months to 10 years' imprisonment, concurrent with the docket 1760-2008 sentence. The record suggests the court also imposed a DWE sentence at this docket. Appellant filed a PCRA petition on April 12, 2010, which he withdrew on June 7, 2010.

On May 1, 2015, Appellant filed his current *pro se* "Motion for Modification and Correct Illegal Sentence *Nunc Pro Tunc*" at both dockets. The court treated the motions as PCRA petitions, and on June 26, 2015, appointed counsel and issued notice per Pa.R.Crim.P. 907. Appellant responded on July 8, 2015. Counsel filed amended petitions on August 31, 2015. On September 25th and 28th, 2015, the court denied PCRA relief at docket 1760-2008, and at docket 318-2009, respectively. Appellant timely filed one notice of appeal on October 16, 2015, and a concise statement per Pa.R.A.P. 1925(b) on October 26, 2015.[1]

_____

[1] Ordinarily, where one or more orders resolves issues arising on more than one docket, an appellant must file separate notices of appeal from each order. *See* Pa.R.A.P. 341, *Note*. Upon inquiry from this Court, Appellant
*(Footnote Continued Next Page)*

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the timeliness provisions of the PCRA allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2). Instantly, Appellant's judgment of sentence at docket 1760-2008 became final on April 2, 2010, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113(a). Appellant's judgment of sentence at docket 318-2009 became final on July 24, 2009, upon expiration of the time to file a notice of appeal with our Superior Court. *See* Pa.R.A.P. 903(a). Appellant filed the current PCRA petitions on May 1, 2015, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time bar per Section

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

filed amended notices of appeal and amended concise statements (one for each docket). Given these circumstances, we decline to penalize Appellant for his technical non-compliance with Rule 341.

9545(b)(1)(iii), relying on **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), to declare unconstitutional the DWE provision under which Appellant was sentenced. Nevertheless, even if **Alleyne** created a new constitutional right, held to apply retroactively, and even if Appellant complied with the 60-day rule, the law on which he relies affords him no relief, because the DWE provision does not implicate **Alleyne**. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247 (Pa.Super. 2014) (*en banc*), *appeal denied*, ___ Pa. ___, 104 A.3d 1 (2014) (noting DWE does not implicate **Alleyne**). Thus, we affirm the denial of PCRA relief.

Orders affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016

- 4 -