J-S86038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRY M. KIGHTLINGER | |
| Appellant | No. 798 WDA 2016 |

Appeal from the PCRA Order May 12, 2016
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000339-1998;
CP-61-CR-0000340-1998

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 16, 2016**

Appellant, Terry M. Kightlinger, appeals *pro se* from the order entered in the Venango County Court of Common Pleas, which dismissed his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On November 20, 1998, a jury convicted Appellant of second-degree murder and related offenses arising from his involvement in a shooting death on March 3, 1998.  Appellant was 18 years old at the time of the incident.  The court sentenced Appellant on December 3, 1998, to mandatory life imprisonment without the possibility of parole ("LWOP"), and a consecutive term of 48-120 months' imprisonment.  This Court affirmed the judgment of sentence on September 13, 2000, and our Supreme Court denied allowance of appeal on February 5, 2001.  **See Commonwealth v. Kightlinger**, 766 A.2d 888 (Pa.Super. 2000) (unpublished memorandum),

_____

*Former Justice specially assigned to the Superior Court.

*appeal denied*, 567 Pa. 711, 785 A.2d 88 (2001). Appellant filed his first PCRA petition on December 14, 2001, which the PCRA court dismissed on December 29, 2003. This Court affirmed on January 11, 2006, and our Supreme Court denied allowance of appeal on August 2, 2006. ***See Commonwealth v. Kightlinger***, 895 A.2d 648 (Pa.Super. 2006) (unpublished memorandum), *appeal denied*, 588 Pa. 763, 903 A.2d 1233 (2006). Appellant unsuccessfully filed a second PCRA petition in 2012. On February 18, 2016, Appellant filed the current *pro se* PCRA petition. The PCRA court issued Rule 907 notice on April 8, 2016, and dismissed Appellant's petition on May 12, 2016. Appellant timely filed a *pro se* notice of appeal. The PCRA court ordered Appellant to file a Rule 1925(b) statement; Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the

newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant relies upon two United States Supreme Court decisions as the bases for an exception to the PCRA timeliness requirement as well as for substantive PCRA relief: *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory LWOP sentences for juvenile offenders), and *Montgomery v. Louisiana* ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding *Miller* applies retroactively to cases on collateral review). Appellant filed the current PCRA petition on February 18, 2016, within sixty days of the *Montgomery* decision. Accordingly, Appellant's petition is timely. *See Commonwealth v. Secreti*, 134 A.3d 77 (Pa.Super. 2016) (holding date of *Montgomery* decision controls for purposes of 60-day rule in 42 Pa.C.S.A. § 9545(b)(2)). Appellant correctly observes that mandatory LWOP sentences for juvenile offenders are unconstitutional under *Montgomery/Miller*. *See id.* (holding retroactivity under *Montgomery* is effective as of date of *Miller* decision; orders denying PCRA relief in cases involving *Montgomery/Miller* must be reversed and remanded for resentencing consistent with this new rule of substantive law and *Commonwealth v. Batts*, 620 Pa. 115, 131-32, 66 A.3d 286, 296

(2013)).  At the time of the offense, however, Appellant was not a juvenile;

Appellant was over 18 years old.  Therefore, Appellant is not entitled to relief

under **Montgomery/Miller**.  Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2016