J-S08034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARON ALBERT COX | : | |
| | : | |
| Appellant | | No. 964 WDA 2016 |

Appeal from the PCRA Order June 1, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001126-1997,
CP-02-CR-0002029-1997

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED JANUARY 30, 2017**

Appellant, Daron Albert Cox, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his third petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. On July 24, 1997, a jury convicted Appellant of first-degree murder and related offenses arising from his involvement in a shooting death on December 7, 1996. Appellant was 18 years old at the time of the incident. The court sentenced Appellant on September 23, 1997, to mandatory life imprisonment, and a concurrent term of 3½ to 7 years' imprisonment. This Court affirmed the judgment of sentence on January 13, 1999, and our Supreme Court denied allowance of appeal on June 22, 1999. **See Commonwealth v. Cox**, 736 A.2d 680 (Pa.Super. 1999) (unpublished

memorandum), *appeal denied*, 559 Pa. 688, 739 A.2d 1055 (1999). Appellant filed his first PCRA petition on June 13, 2000, which the PCRA court denied on June 9, 2004. This Court affirmed on September 14, 2005. *See Commonwealth v. Cox*, 888 A.2d 3 (Pa.Super. 2005) (unpublished memorandum). Appellant unsuccessfully filed a second PCRA petition in 2006. On February 16, 2016, Appellant filed the current *pro se* PCRA petition. The PCRA court issued Rule 907 notice on April 20, 2016, and denied Appellant's petition on June 1, 2016. Appellant timely filed a *pro se* notice of appeal. The PCRA court did not order and Appellant did not file a Rule 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a

petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (internal quotations omitted).

Instantly, Appellant relies upon two United States Supreme Court decisions as the bases for an exception to the PCRA timeliness requirement as well as for substantive PCRA relief: **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory life without possibility of parole ("LWOP") sentences for juvenile offenders), and **Montgomery v. Louisiana** ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding **Miller** applies retroactively to cases on collateral review). Appellant filed the current PCRA petition on February 16, 2016, within sixty days of the **Montgomery** decision. **See Commonwealth v. Secreti**, 134 A.3d 77 (Pa.Super. 2016) (holding date of **Montgomery** decision controls for juveniles, who received LWOP sentences, for purposes of 60-day rule in 42 Pa.C.S.A. § 9545(b)(2)). Appellant also correctly observes that mandatory LWOP sentences for juvenile offenders are unconstitutional under **Montgomery/Miller**. **See id.** (holding retroactivity under **Montgomery** is effective as of date of **Miller** decision; orders denying PCRA relief in cases involving **Montgomery/Miller** must be reversed and remanded for resentencing consistent with this new rule of substantive law and

***Commonwealth v. Batts***, 620 Pa. 115, 131-32, 66 A.3d 286, 296 (2013)).

At the time of the offense, however, Appellant was not a juvenile; he was over 18 years old. Therefore, Appellant is not entitled to relief under ***Montgomery/Miller***. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/30/2017