J-S27005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STANFORD AUGUSTO DOUGLAS, JR. | : | |
| | : | |
| Appellant | : | No. 3843 EDA 2016 |

Appeal from the PCRA Order October 27, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0003034-2005

BEFORE:  GANTMAN, P.J., OTT, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                **FILED MAY 22, 2017**

Appellant, Stanford Augusto Douglas, Jr., appeals *pro se* from the order entered in the Bucks County Court of Common Pleas, which denied his fourth petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On December 5, 2005, Appellant pled guilty to first-degree murder and related offenses arising from his involvement in a shooting death on March 27, 2005.  Appellant was 29 years old at the time of the incident.  The court sentenced Appellant on December 5, 2005, to mandatory life imprisonment, and a consecutive term of 1 to 7 years' imprisonment.  Appellant filed his first PCRA petition on October 10, 2006, which the PCRA court denied on October 3, 2008.  This Court affirmed on February 19, 2010.  **See Commonwealth v. Douglas**, 996 A.2d 5

_____

*Retired Senior Judge assigned to the Superior Court.

(Pa.Super. 2010) (unpublished memorandum). Appellant unsuccessfully pursued his second and third PCRA petitions in 2012 and 2013, respectively. On August 1, 2016, Appellant filed the current *pro se* PCRA petition. The PCRA court issued Rule 907 notice on September 28, 2016, and denied Appellant's petition on October 27, 2016. Appellant filed *pro se* on November 21, 2016, a timely notice of appeal and a voluntary Rule 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a new constitutional right and that the right has been held by that court to apply retroactively." *Commonwealth v. Chambers*, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa.

625, 46 A.3d 715 (2012) (internal quotations omitted).

Instantly, Appellant relies upon two United States Supreme Court decisions as the bases for an exception to the PCRA timeliness requirement as well as for substantive PCRA relief: *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory life without possibility of parole ("LWOP") sentences for juvenile offenders), and *Montgomery v. Louisiana* ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016) (holding *Miller* applies retroactively to cases on collateral review). Appellant filed the current PCRA petition on August 1, 2016, beyond sixty days of the *Montgomery* decision. Accordingly, Appellant's petition is untimely. *See* 42 Pa.C.S.A. § 9545(b)(2), *supra*; *Commonwealth v. Secreti*, 134 A.3d 77 (Pa.Super. 2016) (holding date of *Montgomery* decision controls for juveniles, who received LWOP sentences, for purposes of 60-day rule in 42 Pa.C.S.A. § 9545(b)(2)). Appellant correctly observes that mandatory LWOP sentences for juvenile offenders are unconstitutional under *Montgomery/Miller*. At the time of the offenses, however, Appellant was not a juvenile; he was 29 years old and would not be entitled to relief under *Montgomery/Miller* in any event. Accordingly, we affirm.[1]

Order affirmed.

---

[1] Due to our disposition, we deny as moot Appellant's motion "for leave to file a reply brief *nunc pro tunc* or for enlargement of time."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/22/2017