J-S45014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAHEEM WILLIS | : | |
| | : | |
| Appellant | : | No. 3017 EDA 2016 |

Appeal from the PCRA Order August 30, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1111281-1999,
CP-51-CR-1114161-1999

BEFORE: GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JULY 25, 2017**

Appellant, Raheem Willis, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. Following a bench trial on October 12, 2001, Appellant was convicted of two counts of first-degree murder, possessing instruments of crime (PIC), and carrying firearms in a public place at two docket numbers, No. 1111281-1999 and No. 1114161-1999. Appellant was over 18 years old at the time of the offenses. The court sentenced Appellant on October 18, 2001, to two consecutive life terms in prison. This Court affirmed the judgment of sentence on June 20, 2003, and Appellant did not seek further review. **See Commonwealth v. Willis**, 830 A.2d 1055 (Pa.Super. 2003).

_____

*Retired Senior Judge assigned to the Superior Court

Appellant filed his first PCRA petition on August 26, 2003, which the PCRA court dismissed on February 23, 2005. This Court affirmed on August 14, 2006, and our Supreme Court denied allowance of appeal on May 15, 2007. *See Commonwealth v. Willis*, 909 A.2d 890 (Pa.Super. 2006), *appeal denied*, 592 Pa. 767, 923 A.2d 1174 (2007). Appellant filed his second PCRA petition on May 9, 2011, and the PCRA court dismissed the petition as untimely on April 20, 2012. This Court affirmed on September 5, 2013, and our Supreme Court denied allowance of appeal on February 20, 2014. *See Commonwealth v. Willis*, 878 A.3d 372 (Pa.Super. 2013), *appeal denied*, 624 Pa. 683, 86 A.3d 233 (2014).

On February 26, 2016, Appellant filed the current *pro se* PCRA petition for docket No. 1111281-1999. Appellant then filed another *pro se* PCRA petition on March 10, 2016, for docket No. 1114161-1999. The PCRA court issued Rule 907 notice on June 24, 2016, for docket No. 1111281-1999. On August 30, 2016, the court dismissed the PCRA petition for docket No. 1111281-1999 as untimely. On September 12, 2016, Appellant filed a *pro se* notice of appeal, which included both docket numbers.[1] Appellant filed a voluntary Rule 1925(b) statement on February 2, 2017.

---

[1] When Appellant initially appealed on September 12, 2016, the court had not yet disposed of Appellant's second PCRA petition at docket No. 1114161-1999. While his appeal was pending, however, the PCRA court entered an order on October 17, 2016, dismissing the second PCRA petition at docket No. 1114161-1999 as untimely. Appellant's notice of appeal at that docket
*(Footnote Continued Next Page)*

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant relies upon two United States Supreme Court decisions as the bases for an exception to the PCRA timeliness requirement,

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯

number predated but relates forward to October 17, 2016, the date the PCRA court denied relief. **See** Pa.R.A.P. 905(a)(5) (stating notice of appeal filed before entry of appealable order shall be treated as filed after entry and on date of entry). Hence, no appellate jurisdictional defects impede our review.

as well as for substantive PCRA relief: ***Miller v. Alabama***, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (ruling unconstitutional mandatory LWOP sentences for juvenile offenders), and ***Montgomery v. Louisiana***, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, as revised on January 27, 2016) (holding ***Miller*** applies retroactively to cases on collateral review). Appellant filed the current PCRA petitions on February 26, 2016, and March 10, 2016, within sixty days of the ***Montgomery*** decision. ***See Commonwealth v. Secreti***, 134 A.3d 77 (Pa.Super. 2016) (holding date of ***Montgomery*** decision controls for purposes of 60-day rule in 42 Pa.C.S.A. § 9545(b)(2)). Appellant correctly observes that mandatory LWOP sentences for juvenile offenders are unconstitutional under ***Montgomery/Miller***. ***See id.*** At the time of his offenses, however, Appellant was not a juvenile offender; he was over 18 years old. Therefore, Appellant is not entitled to any relief under ***Montgomery/Miller***. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2017

- 4 -