J-S13006-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD CHARLES EICHLER | : | |
| | : | |
| Appellant | : | No. 380 WDA 2017 |

Appeal from the PCRA Order February 14, 2017
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001634-2012

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.: **FILED MAY 9, 2018**

Appellant, Donald Charles Eichler, appeals from the order entered in the Westmoreland County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546. On September 8, 2014, Appellant entered a negotiated guilty plea to two counts of driving under the influence and one count each of operating a vehicle with a suspended license and driving an unregistered vehicle. The court sentenced Appellant that same day to ninety (90) days' to five (5) years' imprisonment; the court gave Appellant credit for time served beginning on November 20, 2012. Appellant did not file a direct appeal, so the judgment of sentence became final on October 8, 2014.

Appellant filed a *pro se* PCRA petition on September 27, 2016, and the PCRA court appointed counsel. On December 28, 2016, counsel filed an

amended PCRA petition, which claimed Appellant met a timeliness exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii), under **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016) and **Commonwealth v. Bush**, a Fayette County Court of Common Pleas decision filed on August 18, 2016.

The PCRA court issued Rule 907 notice on January 23, 2017. On February 13, 2017, Appellant responded to the Rule 907 notice; the PCRA court denied PCRA relief the following day. Appellant timely filed a notice of appeal on February 28, 2017. On March 2, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on March 22, 2017. On November 20, 2017, Appellant's maximum sentence expired.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2). To be eligible for PCRA

relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i).

Instantly, the judgment of sentence became final on October 8, 2014, upon expiration of the time to file a notice of appeal with this Court. **See** Pa.R.A.P. 903(a). Appellant filed his PCRA petition on September 27, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant contends **Birchfield** created a new rule to be applied retroactively in the collateral context, but Appellant does not cite any law to that effect. Therefore, Appellant did not prove any of the exceptions to the PCRA time-bar, and his petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii); **Turner, supra**. In any event, Appellant is ineligible for PCRA relief, because the sentence on the challenged conviction expired on November 20, 2017. **See** 42 Pa.C.S.A. § 9543(a)(1)(i); **Commonwealth v. Ahlborn**, 548 Pa. 544, 548, 699 A.2d 718, 720 (1997) (stating once relevant supervision ends, petitioner is no longer eligible for PCRA relief, regardless of when he filed petition). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/9/2018</u>