**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARCUS COX | : | |
| Appellant | : | No. 342 EDA 2021 |

Appeal from the PCRA Order Entered December 17, 2020
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0013269-2012

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:          **FILED DECEMBER 16, 2022**

Marcus Cox ("Cox") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We remand with instructions.

In light of our disposition, we briefly summarize the factual background of this appeal.   In the evening of October 6, 2012, Glen Gibson ("Gibson") was walking his dog when Cox approached him.  Cox accused Gibson of stealing a bicycle and threatened to shoot Gibson's dog.  Cox followed Gibson home and managed to enter Gibson's apartment.  Gibson showed Cox a "Redline" bicycle, and Cox took the bicycle and Gibson's cellphone and rode away from the scene.  Gibson got the attention of a passing police car. Approximately twenty minutes later, police officers took Gibson to the area where he first encountered Cox, and Gibson identified Cox and his bike.  The

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

Commonwealth charged Cox with robbery, burglary, and persons not to possess firearms. A jury found Cox guilty of robbery,[2] and the trial court sentenced him to ten to twenty years of imprisonment.

A convoluted procedural history followed. Cox, who had been represented by trial counsel, filed a *pro se* post-sentence motion. After the trial court denied Cox's post-sentence motion, Cox did not file an appeal. Cox then filed a PCRA petition seeking the reinstatement of his direct appeal rights, which the court granted.[3] Cox filed a notice of appeal through his appointed direct appeal counsel. This Court dismissed Cox's appeal in January 2019 due to counsel's failure to file a brief.

Cox then filed a *pro se* petition for writ of *habeas corpus* in July 2019, and a timely *pro se* PCRA petition in December 2019.[4] The court appointed new PCRA counsel, who filed an amended PCRA petition, technically Cox's first PCRA petition. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) (explaining that "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes").

---

[2] The jury found Cox not guilty of burglary, and the trial court found him not guilty of persons not to possess firearms.

[3] An order granting reinstatement of Cox's direct appeal rights is not contained in the certified record.

[4] Cox's *pro se* petition of writ of *habeas corpus* and PCRA petition sought relief based on alleged "new evidence" based on various documents purporting to indicate that there were no bicycles associated with the serial number of the "Redline" bicycle.

Therein, Cox asserted that trial counsel was ineffective for failing to investigate discrepancies in the evidence concerning the serial number of the "Redline" bicycle and failing to discover that the manufacturer or distributors of the bike could not locate the bike's serial number in their databases.[5] The PCRA court issued a notice of its intent to dismiss the petition as meritless, *see* Pa.R.Crim.P. 907, and Cox did not respond. The PCRA court dismissed the amended PCRA petition in December 2020, and Cox, who was still represented by new PCRA counsel, filed a *pro se* notice of appeal. Because new PCRA counsel was still Cox's attorney of record, this Court remanded the matter to determine if new PCRA counsel had abandoned Cox and to appoint new counsel if necessary.

Upon remand, the PCRA court granted new PCRA counsel leave to withdraw and appointed present counsel. The PCRA court issued an order directing Cox to file a Rule 1925(b) statement. Present counsel, based on his mistaken belief, that the PCRA court had reinstated Cox's direct appeal rights filed a Rule 1925(b) statement challenging the sufficiency of the evidence and raising a claim of prosecutorial misconduct. *See* Cox's Brief at 12. The PCRA court prepared a Rule 1925(a) opinion addressing the Cox's direct appeal issues on their merits. *See* PCRA Court Opinion, 7/29/21, at 9 (requesting that this Court affirm the verdict). Present counsel then filed in this Court a

---

[5] Cox's new PCRA counsel attached to the amended PCRA petition documents similar to those Cox had attached to his *pro se* petition for writ of *habeas corpus* and PCRA petition.

motion for remand based on after-discovered evidence citing documents already attached to the amended PCRA petition. This Court denied the motion for remand without prejudice to Cox's right to raise the issue before this panel.

Cox presents the following issues on appeal:

1. Whether . . . trial counsel committed ineffective assistance of counsel by failing to conduct any pretrial investigation [of the serial numbers of the "Redline" bicycle].

2. Whether the evidence was insufficient to convict [Cox] of robbery . . . [when information regarding the serial numbers was not made a part of the record].

3. Whether the prosecutor who argued this case committed prosecutorial misconduct by referring to [Cox] as a "Muslim."

Cox's Brief at 3. Cox's related arguments pertain to his request for a remand to consider after-discovered evidence, and he presents a mixture of ineffectiveness and direct appeal claims, as well as a direct appeal claim related to the prosecutor's apparent use of the term "Muslim" when questioning Gibson at trial.[6]

Initially, we consider whether present counsel's Rule 1925(b) statement preserved any issues for review. Rule 1925(b)(4)(vii) states that "[i]ssues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). If a counseled Rule 1925(b) statement in a PCRA appeal is so flawed that it fails to preserve any issues for appellate review, this Court may remand the matter for the appointment of new counsel,

_____

[6] Although present counsel cites to the trial transcript, we note that the trial transcripts are not in the certified record transmitted to this Court.

the filing of a Rule 1925(b) statement *nunc pro tunc*, and a new opinion from the PCRA court. ***See Commonwealth v. Parrish***, 224 A.3d 682, 702 (Pa. 2020) (noting that "whenever post-conviction counsel's performance is so deficient that it has entirely denied the post-conviction petitioner the right to appeal, remand to the lower court is the appropriate remedial action so that new counsel can take the necessary steps to restore that right"); ***see also*** Pa.R.A.P. 1925(c)(3).

Here, as stated above, the appeal before this Court arises from the dismissal of Cox's amended PCRA petition asserting trial counsel's ineffectiveness related to the serial numbers of the "Redline" bicycle. However, present counsel's Rule 1925(b) statement asserted:

1. . . . [T]here was insufficient evidence for the jury to conclude that: . . . [Cox] ever placed the complainant in fear of serious bodily injury; and . . . [Cox] ever possessed a firearm; . . ..

2. The prosecutor committed prosecutorial misconduct when she referred to [Cox] as a Muslim in violation of his constitutional rights. . . ..

Rule 1925(b) Statement, 7/7/21, at 1-2. Present counsel's Rule 1925(b) statement failed to challenge any issue of trial counsel's ineffectiveness raised in the PCRA court. By present counsel's own admission, he was unaware of the procedural posture of the appeal. ***See*** Cox's Brief at 12. Based on this record, we conclude that present counsel's Rule 1925(b) statement has waived any cognizable issue regarding the ineffective assistance of trial counsel.

We next consider whether present counsel has entirely deprived Cox of his right to a PCRA appeal. We conclude that he has. *See Parrish*, 224 A.3d at 702. Present counsel attempted to, and continues to attempt to, raise claims as if on direct appeal. *See* Cox's Brief at 19-22. Even if such claims had been preserved in Cox's amended PCRA petition (which they were not), they would not be cognizable under the PCRA. *See Commonwealth v. Sepulveda*, 55 A.3d 1108, 1138 (Pa. 2012) (noting that an appellant's claim sounding in prosecutorial misconduct was waived for PCRA purposes because the claim could have been raised at trial or in a direct appeal); *Commonwealth v. Bell*, 706 A.2d 855, 861 (Pa. Super. 1998) (rejecting an appellant's attempt to raise a sufficiency of the evidence claim in a PCRA appeal). Furthermore, present counsel's attempt to reframe his arguments in terms of a motion for remand based on after-discovered evidence misconstrues the record, as the information he claims is new had already been placed before the PCRA court as attachments to Cox's amended PCRA petition. *See* Cox's Brief at 18.

In sum, we conclude that present counsel has rendered ineffective assistance of counsel in the preparation and litigation of this PCRA appeal. We further find that present counsel has completely deprived Cox of his right to a meaningful appeal from the dismissal of his first PCRA petition. Thus, we remand this matter to the PCRA court for the appointment of new counsel, who shall, within twenty-one days of the appointment, file and serve on the PCRA court a Rule 1925(b) statement *nunc pro tunc* concerning the dismissal

of Cox's amended PCRA petition alleging trial counsel's ineffective assistance of counsel. The PCRA court shall file a new Rule 1925(a) opinion within thirty days of the filing of the Rule 1925(b) statement *nunc pro tunc*. We also direct the Prothonotary to set a new briefing schedule upon receipt of the PCRA court's new Rule 1925(a) opinion.

Case remanded with instructions. Panel jurisdiction retained.