J-S38011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KARRIE SMITH | : | |
| | : | |
| Appellant | : | No. 36 EDA 2017 |

Appeal from the PCRA Order November 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0106241-1989

BEFORE:   GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JUNE 20, 2017**

Appellant, Karrie Smith, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his fourth petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On January 16, 1990, Appellant entered a negotiated guilty plea to second-degree murder, robbery, and criminal conspiracy.  That same day, the court sentenced Appellant to life imprisonment.  Appellant did not seek further review, so the judgment of sentence became final on February 15, 1990.

Appellant filed his first PCRA petition on May 14, 2008, which the PCRA court denied on January 8, 2010.  This Court affirmed on November 23, 2010.  **See Commonwealth v. Smith**, 22 A.3d 1077 (Pa.Super. 2010). Appellant unsuccessfully pursued his second and third PCRA petitions in

_____

*Former Justice specially assigned to the Superior Court.

2012 and 2016, respectively. On September 22, 2016, Appellant filed the current *pro se* PCRA petition. The PCRA court issued a Rule 907 notice and later dismissed the petition on November 17, 2016. Appellant timely filed a *pro se* notice of appeal and a voluntary Rule 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite. ***Commonwealth v. Turner***, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). A petitioner asserting a timeliness exception must file a petition within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's judgment of sentence became final on February 15, 1990, when the time to file a direct appeal expired. ***See*** Pa.R.A.P. 903.

- 2 -

On September 22, 2016, Appellant filed the current petition, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1), *supra*. Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing the U.S. Supreme Court's decision in *Alleyne v. U.S.*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and its Pennsylvania progeny. *Alleyne* was decided on June 17, 2013. Appellant filed his petition well beyond 60 days after the *Alleyne* decision. *See* 42 Pa.C.S.A. § 9545(b)(2), *supra*. Further, neither the U.S. Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* or its progeny apply retroactively on collateral review. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding that even if *Alleyne* announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that *Alleyne* applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). *See also Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge sentences which became final before *Alleyne* was decided). Therefore, Appellant's petition remains time barred, and the PCRA court lacked jurisdiction to review it. *See Turner, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2017