J-S12027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY GIDDINGS | : | |
| | : | |
| Appellant | : | No. 1680 EDA 2020 |

Appeal from the PCRA Order Entered August 25, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0015079-2012

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED JULY 2, 2021**

Appellant Gregory Giddings appeals from the order denying, without an evidentiary hearing, his timely first Post-Conviction Relief Act[1] (PCRA) petition. Appellant contends that all prior counsel were ineffective for failing to raise and preserve a weight of the evidence claim.  We affirm.

We briefly summarize the relevant facts and procedural history of this case.  On March 28, 2012, Appellant shot and killed Clinton Brunson in Philadelphia during the course of a robbery and burglary.  PCRA Ct. Op., 10/14/20, at 1.  On September 19, 2014, a jury convicted Appellant of second-degree murder, robbery, burglary, conspiracy to commit robbery, conspiracy to commit burglary, carrying a firearm without a license, and carrying a

_____

[1] 42 Pa.C.S. §§ 9541-9546.

firearm in public in Philadelphia.[2]  Verdict, 9/19/14.  The trial court sentenced Appellant to life imprisonment without parole for the second-degree murder charge and imposed no further penalties for the remaining convictions.  N.T. Sentencing Hr'g, 1/21/15, at 20.

On February 6, 2015, Appellant, while still represented by trial counsel, W. Fred Harrison, Esq., filed a *pro se* notice of appeal.[3]  On February 20, 2015, trial counsel, W. Fred Harrison, Esq., filed a post-sentence motion *nunc pro tunc* challenging, *inter alia*, the sufficiency and weight of the evidence. Appellant's Post-Sentence Mot., 2/20/15.  The trial court did not rule on the motion, and Appellant did not file a counseled notice of appeal.

On June 22, 2015, Appellant timely filed a *pro se* PCRA petition and an amended petition on September 3, 2015.  PCRA Pet., 6/22/15; Am. PCRA Pet., 9/3/15.  The PCRA court ultimately appointed David Rudenstein, Esq., as PCRA counsel.  On May 22, 2016, Appellant timely filed a counseled amended PCRA petition alleging that trial counsel was ineffective by not filing a requested notice of appeal.  Am. PCRA Pet., 5/22/16, at 2.  The amended PCRA petition only requested restoration of his appellate rights *nunc pro tunc* and did not

---

[2] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(i), 3502(a), 903, 6106(a)(1), and 6108, respectively.

[3] A breakdown in the operation of the trial court occurred because the trial court was obligated to forward Appellant's *pro se* notice of appeal to this Court even though he was represented by counsel.  ***See Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016).  Because Appellant's direct appeal rights were subsequently restored *nunc pro tunc*, we need not address the trial court's error.

request restoration of Appellant's right to file a post-sentence motion *nunc pro tunc*.

On October 13, 2016, the PCRA court reinstated Appellant's appellate rights *nunc pro tunc*.[4]   Order, 10/13/16.   Appellant timely appealed, challenging the sufficiency and weight of the evidence.  On March 22, 2017, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion, which addressed the weight claim as follows:

> The jury's verdict in this case signifies that it believed the overwhelming direct and circumstantial evidence which proved beyond a reasonable doubt that [Appellant] shot and killed the decedent while he was engaged in the commission of an armed robbery. The mere conflict in the testimony as to whether [Appellant] aimed to shoot at the tires of the vehicle to avoid being hit or at the decedent is irrelevant to that determination. It is evident that the jury verdict is not so contrary to the evidence as to shock one's sense of justice, and therefore, the verdict was not against the weight of the evidence.

Trial Ct. Op., 3/22/17, at 14.

On January 3, 2018, this Court affirmed the trial court's judgment of sentence. **Commonwealth v. Giddings**, 3493 EDA 2016, 2018 WL 267731, at *1 (Pa. Super. filed Jan. 3, 2018) (unpublished mem.), *appeal denied*, 186 A.3d 373 (Pa. 2018).  Of relevance to this appeal, we held that Appellant waived his weight of the evidence claim because it was not raised "at any time during trial or by filing a post-sentence motion pursuant to Pa.R.Crim.P.

---

[4] The order was not transmitted to this Court as part of the certified record, although it is reflected in the docket.

- 3 -

720(a)." **Id.** at *2. Moreover, "[Appellant] did not seek reinstatement of his post-sentence motion rights in either his *pro se* petition or his counseled petition." **Id.** (footnote omitted). Regardless, we addressed the weight claim on the merits, and held that the trial court did not abuse its discretion.[5] **Id.** at *2 n.4. Appellant filed a petition for allowance of appeal, which our Supreme Court denied on May 24, 2018.

On February 26, 2019, Appellant timely filed his first[6] *pro se* PCRA petition, and the PCRA court appointed Gina Amoriello, Esq., as PCRA counsel. PCRA Pet., 2/26/19; Order, 7/19/19. On October 10, 2019, Attorney Amoriello filed an amended PCRA petition, asserting that Attorneys Harrison and Rudenstein were ineffective by "failing to preserve the weight of the evidence claim in either timely and/or *nunc pro tunc* post-sentence motions . . . ."[7] Am. PCRA Pet., 10/10/19, at ¶ 13.

_____

[5] We note the trial court did not hold that Appellant waived his weight claim. Trial Ct. Op., 3/22/17, at 12.

[6] A PCRA petition filed after an appellant's direct appeal rights have been reinstated *nunc pro tunc* is considered a first PCRA petition for timeliness purposes. **See Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) (explaining "when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes" (citations and footnote omitted)).

[7] This was the first opportunity for Appellant to allege Attorney Rudenstein's ineffectiveness. **See Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (holding that claims of ineffective assistance of original-jurisdiction post-conviction counsel cannot be raised for the first time on appeal).

On July 22, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing.[8] Rule 907 Notice, 7/22/20. Appellant filed a response on August 10, 2020, and on August 25, 2020, the PCRA court denied Appellant's PCRA petition. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. On October 14, 2020, the PCRA court filed a responsive opinion.[9]

On appeal in the instant matter, Appellant raises the following issue:

The [PCRA] court erred in denying this timely PCRA petition without [an evidentiary] hearing when prior counsel clearly rendered ineffective assistance by failing to preserve the weight of the evidence claim in either timely and/or *nunc pro tunc* post-sentence motions, when said claim had arguable merit given the conflicting testimony presented at trial.

Appellant's Brief at 4 (formatting altered).

Appellant asserts that Attorney Harrison was ineffective by filing an untimely post-sentence motion *nunc pro tunc* challenging the verdict as against the weight of the evidence. *Id.* at 5, 7-9. Additionally, Appellant contends that Attorney Rudenstein was ineffective by failing to preserve this allegedly meritorious weight of the evidence claim in a post-sentence motion prior to filing a notice of appeal. *Id.* at 7 ("Prior counsel had Appellant's direct appeal rights reinstated then failed to properly preserve the weight of the

_____

[8] The PCRA court's Rule 907 notice listed several generic reasons for dismissing a PCRA petition. *See* Rule 907 Notice. It appears, because the phrase is in bold font, that the PCRA court indicated that it was dismissing Appellant's counseled petition because the issue lacked merit. *See id.*

[9] The PCRA court judge was the same judge who presided over Appellant's trial.

- 5 -

evidence claim by not challenging [the] same in post-sentence motions"). Appellant asserts that

> [t]here was clearly conflicting evidence at trial, as there was testimony that the decedent was killed by shots fired by Appellant at a vehicle which was trying to "run him over" as well as testimony from ballistic experts that projectiles from two[] different weapons were found in the vicinity of the shooting.

*Id.* at 9. As a result of prior counsels' inaction, Appellant contends that "counsel could have had no basis to [not] challenge the weight of the evidence claim," and was "prejudiced by [the] same." *Id.* at 5, 9. Additionally, Appellant argues that the PCRA court erred by declining to hold an evidentiary hearing. *Id.* at 7.

The Commonwealth responds that while "[Appellant] has identified a conflict in the evidence, and although the Commonwealth acknowledges the expert ballistic testimony is important, this does not rise to the level of shocking one's sense of justice." Commonwealth's Brief at 16. Further, the Commonwealth references the trial court's March 22, 2017 opinion resolving the merits of Appellant's weight claim and argues that Appellant's layered ineffective assistance of counsel claim must fail because "[Appellant] could not have obtained a new trial with a timely weight-of-the-evidence claim [filed by Attorney Harrison]." *Id.* at 15, 17. The Commonwealth argues that "because [Appellant] does not raise any issues of disputed fact and because his claim of ineffective assistance of counsel claim fails on the prejudice prong, no evidentiary hearing is necessary." *Id.* at 17.

In reviewing Appellant's PCRA claims, we are guided by the following principles:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to

prove that counsel was ineffective.  Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043-44 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019).

Further, to establish a layered ineffective assistance of counsel claim, "the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel.  If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." *Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citation and quotation marks omitted).

Moreover, it is well settled that

> [t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.  To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 328 (Pa. Super. 2019) (citations and quotation marks omitted), *appeal denied*, 218 A.3d 380 (Pa. 2019).

After reviewing the record, the parties' briefs, and the PCRA court's opinion, we agree with the PCRA court that Appellant is due no relief.  Although Appellant contends that he was unable to raise the weight of the evidence claim due to the ineffectiveness of prior counsel, and thus was prejudiced by

the same, the trial court explicitly denied relief on the merits of Appellant's weight claim in March 2017. **See** Trial Ct. Op., 3/22/17, at 14. Moreover, because a prior panel of this Court addressed the weight claim on the merits and concluded that the trial court did not abuse its discretion in denying relief on that claim, **see Giddings**, 2018 WL 267731, at *2 n.4, Appellant cannot establish he was prejudiced as a matter of law. **See Commonwealth v. Reed**, 971 A.2d 1216, 1220 (Pa. 2009) (affirming denial of PCRA claim that trial counsel was ineffective because this Court previously held that the underlying issue was meritless on direct appeal). Accordingly, we discern no basis to conclude that Appellant was prejudiced by trial counsel's (Attorney Harrison's) failure to file a timely post-sentence motion challenging the weight of the evidence because there is no reasonable probability that the outcome of the proceedings would have been different. **See Sandusky**, 203 A.3d at 1043-44. Further, because trial counsel was not ineffective, Appellant's layered claim of ineffectiveness concerning prior PCRA counsel (Attorney Rudenstein) must fail. **See Rykard**, 55 A.3d at 1190. It follows that the PCRA court did not abuse its discretion by not holding an evidentiary hearing. **See Maddrey**, 205 A.3d at 328.

For the foregoing reasons, we conclude that Appellant's claim of ineffective assistance of counsel merits no relief. Therefore, we affirm the PCRA court's order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/2021