J-A26024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT L. WOODARD | : | |
| | : | |
| Appellant | : | No. 2511 EDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0220171-1992

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT L. WOODARD | : | |
| | : | |
| Appellant | : | No. 2512 EDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0220261-1992

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT L. WOODARD | : | |
| | : | |
| Appellant | : | No. 2513 EDA 2021 |

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0220351-1992

```
COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                 Appellee        :
                                 :
            v.                   :
                                 :
ROBERT L. WOODARD                :
                                 :
                 Appellant       :          No. 2514 EDA 2021
```

Appeal from the PCRA Order Entered October 27, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0222811-1992

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 13, 2023**

Appellant, Robert L. Woodard, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.[1]  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was convicted at five underlying docket numbers.  Nevertheless, Appellant filed separate notices of appeal from the PCRA order at issue for only four of the underlying dockets.  Appellant subsequently filed an application to consolidate the notices of appeal, listing all five of the underlying dockets in the caption of that application.  This Court consolidated the appeals at the four docket numbers from which Appellant had properly appealed. Appellant responded to the consolidation order, claiming he had also filed an appeal at the fifth underlying docket number, CP-51-CR-238091-1992 ("docket 238091-1992").  Thus, this Court directed Appellant to file a copy of the purported fifth notice of appeal and directed our Prothonotary to docket
*(Footnote Continued Next Page)*

- 2 -

The relevant facts and procedural history of this case are as follows. In 1992, a jury convicted Appellant of robbery, burglary, possessing instruments of crime, and rape. The court sentenced Appellant on March 29, 1993, to an aggregate term of 48 to 96 years' imprisonment. This Court affirmed the judgment of sentence on May 5, 1994. *See Commonwealth v. Woodard*, 647 A.2d 268 (Pa.Super. 1994) (unpublished memorandum). Appellant did not seek further direct review.

Appellant filed the current serial PCRA petition (approximately his 16th petition for collateral relief) on June 18, 2020. In it, Appellant claimed that his due process rights were violated because the Commonwealth had failed to disclose that Appellant had been required to participate in pre-trial identification proceedings in the absence of Appellant's court-appointed counsel. On September 30, 2021, the court issued notice of its intent to dismiss the petition per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on October 12, 2021. On October 27, 2021, the court denied PCRA relief. As discussed above, Appellant timely filed a notice of appeal at four of the underlying dockets on November 29, 2021 (the Monday after a court

_____

the notice and forward it to the trial court for docketing there, to be returned to this Court. Upon return to this Court, the new appeal was to be listed consecutively to the four appeals at issue here. Nevertheless, Appellant failed to respond to our directive. In the absence of a response from Appellant with proof of the purported fifth filing, the record shows only that notices of appeal were filed at four of the underlying docket numbers and we decline to consider any purported appeal concerning docket 238091-1992.

holiday),[2] which this Court subsequently consolidated at Appellant's request.

The court did not order, and Appellant did not file, a concise statement per

Pa.R.A.P. 1925(b).

Appellant raises one issue for our review:

> Whether the PCRA court erred in dismissing Appellant's petition under the [PCRA] without a hearing on the now-overruled public record presumption and whether Appellant qualified for an exception to the time requirements in 42 Pa.C.S.A. § 9545(b)(1)(i) and (ii), where it was undisputed that a pretrial hearing was held on the petition filed by the prosecuting attorney that required the accused Appellant to participate in an in-court identification examination while in the absence of his court appointed counsel, despite the absence of a clear waiver of colloquy, where witness's credibility was relevant, after the Commonwealth at trial affirmatively misrepresented that history?

(Appellant's Brief at 2).

Appellant argues that he discovered on October 30, 2019, that he was

required to participate in pre-trial identification hearings, without his court-

appointed counsel present.  Appellant asserts he became aware of this fact

when the Department of Corrections mailed him trial transcripts dated January

28, 1992, February 6, 1992, and February 13, 1992.  Appellant claims the

trial court requested a different attorney to act as Appellant's counsel for

purposes of the identification proceedings in the absence of Appellant's court-

appointed attorney, unbeknownst to Appellant.  Appellant insists the trial court

---

[2] Friday, November 26, 2021 was a court holiday (the day after Thanksgiving). **See** 1 Pa.C.S.A. § 1908 (discussing computation of time as excluding court holidays).

failed to colloquy Appellant concerning whether Appellant wanted to waive the presence of his court-appointed counsel for purposes of those proceedings. Appellant attempts to invoke the governmental interference exception to the PCRA time-bar, claiming that the Commonwealth withheld the information that Appellant was required to participate in these proceedings without his court-appointed counsel.

Appellant also relies on the newly-discovered facts exception to the time-bar, contending these facts were previously unknown to him and that he could not have discovered them sooner with the exercise of due diligence. Appellant further insists the PCRA court's reliance on the "public record presumption" was erroneous, where recent case law has overruled earlier decisions applying that presumption to reject a PCRA petitioner's claims. Appellant concludes the court improperly dismissed his current PCRA petition as untimely, and this Court must grant relief. We disagree.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Turner**, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must

allege and prove at least one of the three timeliness exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on June 4, 1994, after the time in which to file a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9543(b)(3); Pa.R.A.P. 1113 (stating appellant has 30 days to file petition for allowance of appeal). Appellant filed the current PCRA petition on June 18, 2020, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Although Appellant attempts to invoke the governmental interference and newly-discovered facts exceptions (*see* 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii)), the record belies Appellant's assertions that he was unable to bring forth his current claims sooner. In fact, the record confirms that Appellant raised his claims regarding the participation

in pre-trial identification proceedings in the absence of court-appointed counsel in earlier filings. (**See, e.g.**, Appellant's Petition for *Habeas Corpus* Relief and for PCRA Relief, filed 5/12/08, at 5-6, 17-22) (claiming Appellant was repeatedly represented by standby counsel during certain court-ordered pretrial hearings and/or proceedings even though court had already appointed counsel of record and court failed to conduct waiver colloquy of counsel during these proceedings).

Because Appellant has raised the current claims years before the PCRA petition at issue, Appellant cannot demonstrate that governmental interference prevented him from asserting his claims until now, or that the "facts" were "unknown" to him before filing the current petition. As such, Appellant cannot satisfy one of the proffered time-bar exceptions.[3] Accordingly, we affirm the order dismissing Appellant's PCRA petition as untimely.

Order affirmed.

---

[3] Regarding Appellant's mention of the "public record presumption," he cites our Supreme Court's decision in **Commonwealth v. Small**, 662 Pa. 309, 238 A.3d 1267 (2020) (disavowing "public record presumption" that had previously set forth that matters of public record cannot be facts unknown to petitioner to satisfy newly-discovered facts exception to PCRA time-bar). Nevertheless, the PCRA court did not dismiss Appellant's current petition based on the public record presumption, and we do not deny relief based on application of that presumption. (**See** Order Denying PCRA Relief, filed 10/27/21, at n.1) (rejecting Appellant's attempt to overcome PCRA time-bar because he has raised identical claims in earlier petitions; thus, Appellant's argument that governmental interference prevented him from litigating this claim earlier fails).

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 2/13/2023*