**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CRAIG ANDRUS | : | |
| | : | |
| Appellant | : | No. 2924 EDA 2023 |

Appeal from the PCRA Order Entered September 28, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005092-2017

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                          **FILED JUNE 28, 2024**

Appellant, Craig Andrus, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his *pro se* Petition for Modification/Reconsideration of Sentence, which the court treated as a serial untimely petition for collateral relief under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On June 4, 2018, Appellant entered a negotiated guilty plea to third degree murder and persons not to possess firearms.  The court imposed the agreed-upon aggregate sentence of 11½ to 23 years of imprisonment.  This Court affirmed Appellant's judgment of sentence on September 9, 2019.  ***See Commonwealth v. Andrus***, 221 A.3d 1236 (Pa.Super. 2019) (unpublished

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

memorandum). Appellant did not petition our Supreme Court for allowance of appeal. On December 26, 2019, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed a **Turner/Finley**[2] no-merit letter and motion to withdraw on February 29, 2020. The court issued Pa.R.Crim.P. 907 notice on March 4, 2020. On March 18, 2020, the court granted counsel's motion to withdraw and denied PCRA relief; this Court affirmed the denial of PCRA relief on June 10, 2021. **See Commonwealth v. Andrus**, 258 A.3d 516 (Pa.Super. 2021) (unpublished memorandum).

On June 14, 2023, Appellant *pro se* filed the instant "Petition/Motion for Modification/Reconsideration of Sentence," requesting a reduction of his sentence. The court treated Appellant's filing as an untimely serial PCRA petition and issued Pa.R.Crim.P. 907 notice on August 1, 2023. **See** 42 Pa.C.S.A. § 9542 (explaining that PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). On September 28, 2023, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on October 10, 2023. The court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) statement.

Appellant raises two issues for our review:

Did [plea counsel] coerce [Appellant] into pleading guilty?

Did [direct appeal and PCRA counsel provide ineffective

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

assistance] in violation of the 6th Amendment?

(Appellant's Brief at 4).

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow very limited circumstances to excuse the late filing of a petition. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Instantly, Appellant's judgment of sentence became final on October 9, 2019, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. *See* Pa.R.A.P. 1113(a) (allowing 30 days to file petition for allowance of appeal); *see also* 42 Pa.C.S.A. § 9545(b)(3). Appellant's current PCRA petition, filed on June 14, 2023, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). Appellant did not acknowledge the untimeliness of his petition or assert any timeliness exception. *See id.* Thus, the court properly dismissed Appellant's petition as untimely.

We further observe that Appellant raises new claims on appeal for the first time related to the ineffective assistance of prior counsel. (*See* Appellant's Brief at 10-13). *See also* Pa.R.A.P. 302(a) (stating issues not

- 3 -

raised in court below are waived and cannot be raised for first time on appeal).

Notably, Appellant does not assert any exception to the PCRA time-bar in connection with these new claims. Thus, even if Appellant had properly preserved these claims in his petition below, the court would have lacked jurisdiction to consider them. *See* 42 Pa.C.S.A. § 9545(b)(1). Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/28/2024